MORTENSON ROOFING COMPANY, INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Mortenson Roofing Co. v. Commissioner
Docket No. 24819-89R.
United States Tax Court
T.C. Memo 1992-112; 1992 Tax Ct. Memo LEXIS 133; 63 T.C.M. (CCH) 2186; T.C.M. (RIA) 92112; February 24, 1992, Filed *133 Decision will be entered for respondent R determined that P's profit-sharing plan does not satisfy the requirements of section 401(a), I.R.C., for plan years beginning on and after October 31, 1984, and therefore the plan is not exempt from taxation under section 501(a), I.R.C. P contends that R is estopped from determining that P's plan does not comply with section 401(a), I.R.C.Held, R's determination is sustained. Albert L. Grasso and Steven B. Wolf, for petitioner. William I. Miller, for respondent. NIMS
NIMS
MEMORANDUM OPINION NIMS, Chief Judge: Respondent determined that the Mortenson Roofing Profit-Sharing Trust (plan) is not exempt from taxation under section 501(a) for plan years ending on and after October 31, 1984, on the ground that the plan does not comply with the requirements of section 401(a). (Section references are to the Internal Revenue Code in effect for the years in issue. Rule references are to the Tax Court Rules of Practice and Procedure.) Having exhausted its administrative remedies, Mortenson Roofing Company, Inc. (petitioner or the company), filed a petition for declaratory judgment under section 7428. The issue for decision is whether *134 respondent is precluded by the doctrine of equitable estoppel from determining that petitioner's plan does not comply with section 401(a) for the years in issue. The parties filed a joint stipulation as to the administrative record pursuant to Rule 217(b)(1). The facts and representations contained in the administrative record are presumed to be true for the purpose of this proceeding. At the time of the filing of the petition for declaratory judgment, petitioner's principal place of business was Chicago, Illinois. The plan in question was adopted effective April 30, 1969. Both the plan year and petitioner's taxable year end on October 31. On December 30, 1976, Donald M. Corbett, an accountant, filed a Form 5301 (Application for Determination for Defined Contribution Plan) on petitioner's behalf requesting that the Internal Revenue Service (IRS) determine whether petitioner's plan was in compliance with the Employee Retirement Income Security Act of 1974 (ERISA), Pub. L. 93-406, 88 Stat. 829. The Form 5301 was executed by Gunnar Mortenson, the sole owner of the company at that time. On June 13, 1977, the IRS issued a letter to Corbett which stated in pertinent part: We *135 have received your request identified above for a determination on your plan, and find we need additional information before we can consider it. Please furnish the information asked for in the block checked below.
The block checked on the letter stated that the "Plan has not been restated to comply with ERISA." The letter also identified two contact persons and a telephone number for resolving questions regarding the matter. Notwithstanding the above-described letter, petitioner did not restate the plan to comply with ERISA nor did petitioner resubmit the plan to the IRS for a ruling. In January, 1978, the IRS notified petitioner that its corporate income tax returns for the taxable years ending October 31, 1974, October 31, 1975, and October 31, 1976, were under examination. The examination was conducted by Revenue Agent Patricia Rasberry. On June 30, 1978, Rasberry executed a Form 4632 (Employee Plans Referral) referring petitioner's "Defined Contribution" plan to the IRS's Employee Plans/Exempt Organizations Division (EP/EO). Rasberry was seeking a determination from EP/EO whether petitioner was entitled to a corporate income tax deduction of $ 2,500 claimed with respect *136 to a contribution to the plan for the taxable year ending October 31, 1976, a year to which ERISA did not apply. EP/EO closed its review of the matter on July 25, 1978. A notation on the Form 4632 stated: "Payment was made on January 4, 1977. Check #14999." Gunnar Mortenson died in October, 1986. At that time, the company was sold to an employee. On December 31, 1986, the plan was terminated, and distributions were made to the participating employees. In a letter dated February 17, 1987, the IRS District Director (Chicago) advised petitioner that its retirement plan return for the taxable year ending October 31, 1984, was under examination. In response to a request for additional information, Corbett wrote a letter to the IRS stating in pertinent part: It appears to me that the Plan was not amended for ERISA, TEFRA, DEFRA and REA. Through correspondence between Mr. Mortenson and the attorneys, it appears that the thinking was to end the existing Plan and start another Plan, excluding Plan restrictions having to do with the union. However, it doesn't appear to have been done. * * *
By letter dated March 30, 1988, respondent issued a proposed determination that petitioner's *137 plan did not meet the requirements of section 401(a) for plan years beginning after October 31, 1976. Petitioner took an administrative appeal from the proposed determination. On July 14, 1989, respondent issued a final nonqualification letter indicating that petitioner's plan was not qualified for plan years ending October 31, 1984, and for all subsequent plan years. Section 501(a) provides in pertinent part that an organization described in section 401(a) shall be exempt from taxation. Section 401(a), as amended by ERISA, sets forth detailed requirements for qualification of a trust forming a part of a stock bonus, pension, or profit-sharing plan of an employer. Section 1017(a) and (b) of ERISA, Pub. L. 93-406, 88 Stat. 932, provides generally that for plans in existence on January 1, 1974, the amendments prescribed therein shall apply for plan years beginning after December 31, 1975. Hauser v. Commissioner, 78 T.C. 930, 935-936 n.3 (1982). There is no dispute in this case that the plan in question was not restated to comply with the requirements of ERISA. Because the plan does not satisfy the requirements of section 401(a) for the plan years in dispute, *138 it follows that the plan is not exempt from taxation under section 501(a). Petitioner contends, however, that respondent is estopped from determining that the plan did not satisfy the requirements of section 401(a). Specifically, petitioner contends that: 1. The prior owner of the business who had the sole ability to amend the Plan is long deceased. The Plan was terminated and all assets distributed to participants within two months following the owner's death. Petitioner's present ownership and management is unable to ascertain why the Plan was not amended prior to its termination. 2. This case is unlike situations in which the sanction of disqualification properly falls upon highly compensated owner-employees who fail to amend the plan. Here the sanction falls exclusively upon rank-and-file employees who were unable to control plan amendments. 3. Petitioner was under the mistaken impression that the Plan had either been approved as submitted to Respondent or the necessity for plan amendment was under continuing review by Respondent. 4. The mistaken impression is attributable to Form 4632, Employee Plans Referral to IRS EP/EO Division which was provided by Respondent *139 to Petitioner. The form indicated that the EP/EO Division had received and reviewed the Plan referral. 5. Participants in the Plan had no reason to know that the Plan was not qualified at the time distributions were made immediately following the death of the former owner. Because the Internal Revenue Service contributed to the mistaken impression that the necessity of plan amendment was the subject of an on-going audit and the apparent approval of the Plan by the EP/EO Division, the penalty of disqualification should not be imposed upon nonculpable parties. This is especially the case, where as here, the plan has been operated in conformity with applicable law. * * *
The standards required for this Court to apply the doctrine of equitable estoppel are as follows: (1) There must be a false representation or wrongful misleading silence; (2) the error must originate in a statement of fact, not in an opinion or a statement of law; (3) the one claiming the benefits of estoppel must not know the true facts and must reasonably rely on the false statement; and (4) that same person must be adversely affected by the acts or statements of the one against whom an estoppel is claimed. *140 Kronish v. Commissioner, 90 T.C. 684, 695-697 (1988); Century Data Systems, Inc. v. Commissioner, 86 T.C. 157, 165 (1986) (quoting Lignos v. United States, 439 F.2d 1365, 1368 (2d Cir. 1971)). The doctrine of equitable estoppel is applied against respondent with the utmost caution and concern. Boulez v. Commissioner, 76 T.C. 209, 214-215 (1981), affd. 810 F.2d 209 (D.C. Cir. 1987). Contrary to petitioner's position, application of the doctrine of equitable estoppel is not supported by the record. Most notably, petitioner has not demonstrated the requisite false representation or wrongful misleading silence on the part of respondent. Petitioner maintains that the Form 4632 (Employee Plans Referral) indicated that the EP/EO Division had received and reviewed its plan and that the plan had apparently been approved. We do not share petitioner's "mistaken impression" of the effect of the Form 4632. First, petitioner ignores the fact that the Form 4632 related to petitioner's corporate income tax liability for the taxable year ending October 31, 1976. Because the ERISA amendments were *141 made effective only with respect to plan years beginning after December 31, 1975, it is evident that the EP/EO Division was not reviewing the plan for compliance with ERISA -- petitioner's first plan year subject thereto began November 1, 1976. Moreover, the only other correspondence relating to the plan's qualification is the letter to Corbett dated June 13, 1977, which stated that the plan did not comply with ERISA at that time. It appears that petitioner chose to ignore the unambiguous terms of this letter. Based on the record, we conclude that petitioner was on notice in 1977 that the plan did not qualify under ERISA. Furthermore, nothing in the Form 4632 when forwarded by Rasberry suggested that the circumstances had changed so that the plan at that point complied with ERISA. In this light it cannot be said that petitioner's "mistaken impression" regarding the status of the plan arose from a false representation or wrongful misleading silence on the part of respondent. Rather, petitioner's confusion is directly attributable to petitioner's own inaction. Petitioner concedes that the plan was not restated to comply with ERISA. Because we conclude that the doctrine of equitable *142 estoppel does not apply under the circumstances of this case, respondent's determination is sustained. To reflect the foregoing, Decision will be entered for respondent.